**Dated: February 8, 2017**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOHN L. JONES and SARAH F. JONES, | ) | Case No. 16-14286-SAH |
| | ) | Chapter 7 |
| Debtors. | ) | |

## <u>ORDER DISMISSING CASE</u>

On January 25, 2017, this Court entered the Order Directing Debtors to Show Cause Why this Case Should Not Be Dismissed [Doc. 16]. In response thereto, John L. and Sarah F. Jones (collectively, "Debtors") filed the Debtors' Response to Order Directing Debtor to Show Cause Why This Case Should not be Dismissed [Doc. 18] on February 7, 2017 (the "Response"). In the Response, Debtors state that 11 U.S.C. § 109(h)(1) provides that, for an individual to qualify as a debtor, the individual must complete a credit counseling course during the 180-day period **ending** on the Petition Date. Debtors argue that they completed their course on the Petition Date, although after their bankruptcy petition was filed, and, therefore, they did complete their credit counseling course in a timely manner.

This Court disagrees.  As other bankruptcy courts in Oklahoma have previously held, a bankruptcy case must be dismissed if the credit counseling course requirement is not met ***prior to filing the bankruptcy petition***.  In re Hancock, 2015 WL 1292387 (Bankr. W.D. Okla. 2015); In re Smith, 2012 WL 5076282 (Bankr. N.D. Okla. 2012); In re Lane, 2012 WL 1865448 (Bankr. N.D. Okla. 2012) (credit counseling course must be taken prior to moment of filing petition).  In fact, the majority of bankruptcy courts hold that a bankruptcy case must be dismissed based upon lack of eligibility to be a debtor if the credit counseling requirement is not completed prior to filing of the petition.  Hancock, 2015 WL 1292387 (quoting In re Borges, 440 B.R. 551, 556 (Bankr. D. N.M. 2010)).  "'Because the requirements for compliance with section (h)(1) are 'plain and mandatory.' bankruptcy courts are left with no discretion to conduct further inquiry regarding a debtors eligibility.'"  Hancock, 2015 WL 1292387 (citing Borges, 440 B.R. at 556).  Even where the credit counseling was completed only one hour after the filing of the bankruptcy case, the bankruptcy case must be dismissed because the statute requires completion prior to the filing of the petition.  Lane, 2012 WL 1865448.

In this case, Debtors filed their bankruptcy case at 6:09 p.m. on October 24, 2016.  See Doc. 1 (NEF).  Debtors completed the credit counseling course at 9:53 p.m. on October 24, 2016, over three hours after the bankruptcy petition was filed.  See Docs. 7 and 8.  Based on the interpretation of Section 109(h)(1) by a majority of courts, Debtors did not timely complete their credit counseling course prior to the filing of their bankruptcy petition and are, therefore, not eligible to be debtors under the Bankruptcy Code.[1]

---

[1]Debtors do not suggest that a valid exemption from, or ground for waiver of, the credit counseling requirement under Section 109(h)(2)-(4) is present, and the Court finds no circumstances present warranting an exemption or waiver.

Accordingly, this bankruptcy case is DISMISSED.

IT IS SO ORDERED.

# # #